UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.

      Plaintiff,                    Case No. 2:25-cv-11363

v.

JOHN DOES 1-100, JANE DOES 1-100
AND XYZ COMPANY,

      Defendants.

---

| | |
|---|---|
| MIMS, KAPLAN, BURNS & GARRETSON | THE WRIGHT LAW FIRM, PLLC |
| BY: CARA R. BURNS (CA Bar No, 137557) | By: JOSEPH J. WRIGHT (P41289) |
| (Admitted in the Eastern District of Michigan) | 55 E. Long Lake Road Ste 108 |
| 28202 Cabot Road, Ste 300 | Troy, Michigan 48085 |
| Laguna Niguel, California 92677 | Tel: (248) 765-6597 |
| Tel: (310) 314-1721 | jwright@wrightadvocate.com |
| cburns@hmkblawyers.com | |

---

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND LANHAM ACT VIOLATIONS**

      Plaintiff, Bravado International Group Merchandising Services, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

      1.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

      2.      Bravado International Group Merchandising Services, Inc. ("Plaintiff") is a

California corporation with its principal place of business in Los Angeles, California.

3. Defendants Various John Does, Various Jane Does and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants and XYZ Company through their agents, servants and employees, will be present in and about the Eastern District of Michigan in connection with the claims herein and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## The Background of the Action

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The artist known as "POST MALONE" (the "Artist"), is the trademark used by this performer in connection with his performing, merchandising, recording and other related goods in all aspects of the entertainment industry and to distinguish his services and goods from all other such artists.

8. The Artist has obtained Federal Trademark Registrations for his "POST MALONE" trademark and his related trademarks "POSTY CO", "POSTY", and "POSTY FEST"

2

and has a pending registration for his "PM" design. For "POST MALONE", Federal Registration Number 6257590 for use in connection with International Class ("IC") 025 clothing, and Registration Number 5212688 for use in connection with IC 041 entertainment services and IC 009 for musical recordings. For "POSTY CO", Federal Registration Number 5958649 for use in connection with IC 025, clothing; and Registration Number 6014484 for use in connection with IC 026 buttons and other goods. For "POSTY", Federal Registration Number 5840946 for use in connection with IC 041 entertainment services. For "POSTY FEST", Federal Registration Number 5840945 for use in connection with IC 041 entertainment services. For his design: ⓟⓜ  Serial Number 98595042 for use in connection with IC 25, clothing.

9. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Artist's present United States tour (the "Tour").

10. The Plaintiff has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist's Trademarks merchandise, including T-shirts and other apparel.

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Artist were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

13. On May 18, 2025 at Ford Field in Detroit, Michigan, the Artist will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold throughout the United States before, during and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after the performance, and at subsequent concerts during the Tour. The Tour has just begun and so have Defendants' sale and distribution of Infringing Merchandise.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that Infringing Merchandise is subject to the same quality control

and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true.  It also injures Artist and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  Defendants' use of the Artist's Trademarks also constitutes an attempt to palm off and appropriate to themselves the Artist's/ Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## Prayer for Relief

WHEREFORE, plaintiff, Bravado International Group Merchandising Services, Inc. seeks relief against Defendants as follows:

A.  As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's order.

B.  As to All Claims For Relief, that the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision be permitted to seize all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the places at which the Artist is performing, whether this occurs before, during or after the performances on the Tour.

C.  That Defendants deliver up for destruction the Infringing Merchandise.

D.  As to All Claims For Relief, that Defendants pay Plaintiff damages in an amount to be determined.

   E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: May 12, 2025     Respectfully Submitted,
            **BRAVADO INTERNATIONAL GROUP**
            **MERCHANDISING SERVICES, INC.**

            s/ Cara R. Burns
            Cara R. Burns
            Mims, Kaplan, Burns & Garretson
            28202 Cabot Road, Suite 300
            Laguna Niguel, CA 92677
            (310) 314-1721
            Cburns@hmkblawyers.com
            Admitted in ED MI

            Joseph J. Wright
            The Wright Law Firm, PLLC
            55 E. Long Lake Road, Suite 108
            Troy, Michigan 48085
            (248) 765-6597
            jwright@wrightadvocate.com
            P41289