UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.,

    Plaintiff,

v.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ company,

    Defendants.
_____/

Case No. 25-11363

Hon. F. Kay Behm

**OPINION AND ORDER DENYING
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Bravado International Group filed this action on May 12, 2025, against various "John Does," for trademark infringement and Lanham Act violations. Plaintiff alleged that sellers of t-shirts and other merchandise appear outside Post Malone concerts, hawking items that infringe Plaintiff's trademarks. Plaintiff sought injunctive relief allowing for the seizure of infringing merchandise at the Post Malone concert at Ford Field on May 18, 2025. The court granted a temporary restraining order, enjoining the manufacture and sale of infringing merchandise and allowing for the seizure of infringing goods at the concert. ECF

No. 7. Although Plaintiff sought broader relief, applicable at concerts nationwide, the court declined to order nationwide relief at that time.

When merchandise was seized, Plaintiff was to ensure that the Defendant received a copy of the TRO, which provided the preliminary injunction hearing date and a briefing schedule. At the preliminary injunction hearing, no Defendant appeared and Plaintiff was unable to provide identifying information, such as names and addresses, for the John Does. *See* ECF No. 9. Plaintiff alleges that bootleggers are continuing to sell infringing merchandise near other Post Malone concert venues. Plaintiff maintains its request for a preliminary injunction, applicable nationwide, to seize infringing merchandise from John Does at each stop of Post Malone's tour.

Although the court agreed that a temporary restraining order applicable to the time and date of the Post Malone concert in Detroit was appropriate, the court declines to grant a permanent nationwide injunction. Procedurally, Plaintiff's request presents several problems. In particular, the John Doe defendants will apparently remain unknown. Plaintiff's opportunity to identify defendants at the Detroit concert has passed and no defendant was identified. The use of "John Doe" is intended to be a placeholder until a defendant can be identified, not a method for maintaining an action against unknown individuals indefinitely. *See*

*Plant v. Doe*, 19 F. Supp. 2d 1316, 1319-20 (S.D. Fla. 1998) (noting that "federal courts do not favor the naming of 'John Doe' defendants") (citation omitted). "The use of a fictitious name is not generally permitted as a tool by which a private plaintiff may obtain a broad-based order preventing any and all members of society from engaging in future behavior that might or might not later be found to have violated the plaintiff's rights." *Id.* at 1320.

Moreover, "a district court does not have jurisdiction over unnamed defendants unless they have been served with a summons and a copy of the complaint." *Id.* (citations omitted). Here, it is impossible for the court to determine whether it has personal jurisdiction over unidentified individuals, or who was actually served with the complaint. The "court does not have the power to order injunctive relief against a person over whom the court has not [acquired] in personam jurisdiction" or "to enjoin the behavior of the world at large." *Hybe Co. v. Does 1-100*, 598 F. Supp. 3d 1005, 1007-08 (D. Nev. 2022) (citation omitted); *see also Bravado Int'l Grp. Merch. Servs., Inc. v. Does 1-100*, 2019 WL 3425990, at *5 (E.D. Cal. July 30, 2019) ("[N]either Rule 65 nor the Lanham Act empower the court to issue a preliminary injunction here, where the court cannot conclude that even one identifiable defendant . . . has been served.").

The court in *Merch Traffic, LLC v. Does*, 620 F. Supp. 3d 644, 652 (W.D. Ky. 2022) declined to issue a nationwide injunction in a trademark infringement case, expressing concern about its jurisdiction over bootleggers outside the state: "And how would those not at the Louisville concert fall within this Court's jurisdiction? The Lanham Act provides for nationwide *service*, not jurisdiction. 15 U.S.C. § 1116(a)." *Id.* (emphasis in original). The court further noted that the Lanham Act and Rule 65 require that an injunction may be granted only "upon hearing, after notice to the defendant." *Id.* The court concluded that "[b]ootleggers actually served at the Louisville concerts may have notice and certainly fall within this Court's geographic jurisdiction. But bootleggers elsewhere would not." *Id.* at 653; *see also LaFlame Enters., Inc. v. Does 1-100*, 2023 WL 6929406, at *5 (D. Colo. Oct. 19, 2023) ("LaFlame has not sufficiently established that the Court has personal jurisdiction over defendants in other states to support the issuance of a nationwide seizure order."); *Bravado Int'l Grp. Merch. Servs., Inc. v. Smith*, 2012 WL 1155858, at *4 (M.D. Fla. Mar. 27, 2012) (citing cases raising personal jurisdiction and justiciability problems with similar injunctions); *cf. SKS Merch, LLC v. Barry,* 233 F. Supp. 2d 841, 848 (E.D. Ky. 2002) (granting nationwide injunction against infringers of Toby Keith concert merchandise).

Plaintiff argues that all of the unknown defendants nationwide are engaging in infringing activity in concert, and thus notice and service to unidentified Detroit defendants provides sufficient notice and service to those bootleggers at other concerts. Plaintiff bases this theory on the fact that the bootleggers are all selling identical shirts with the tour dates on the back. This is thin evidence of concerted activity. *See Merch Traffic*, 620 F. Supp.3d at 652-53 (rejecting similar argument and noting, "isn't it equally plausible that dissociated bootleggers are not conspiring to violate trademark laws, but simply working in parallel, each trying to make a few (ill-gotten) bucks by copying the same Metallica merchandise?"). Assuming that there is a conspiracy, however, it remains problematic that not a single member has been identified. Plaintiff cannot meet the procedural due process requirements of notice, service of process, and personal jurisdiction—all prerequisites to the granting of injunctive relief, irrespective of the merits of Plaintiff's claims.

Given that the Detroit concert has passed, no defendants have been identified, and the court is not inclined to grant nationwide relief, the court questions whether this case presents a justiciable controversy. *See generally Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 525 (6th Cir. 2012)

("Under Article III, the federal courts may exercise jurisdiction only if the parties have presented a live case or controversy. U.S. CONST. art. III, § 2. We have no power to offer an advisory opinion, based on hypothetical facts."); *Plant,* 19 F. Supp. 2d at 1321 ("[C]ourts exist solely to resolve disputes between actual parties involved in actual controversies.").

Accordingly, it is **ORDERED** that Plaintiff shall **SHOW CAUSE** in writing within fourteen days of the date of this order why this action should not be dismissed for lack of a justiciable case or controversy.

It is further **ORDERED** that Plaintiff's motion for preliminary injunction (ECF No. 4) is **DENIED** and the temporary restraining order (ECF No. 7) is **DISSOLVED**.

**SO ORDERED.**

Dated: June 3, 2025                                s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge